UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          FOR ONLNE PUBLICATION ONLY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA,

              - against -          ORDER

                                 06-CR-289 (JG)

FAISAL ZAFAR,
                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

A P P E A R A N C E S:

    BENTON J. CAMPBELL
        United States Attorney
        Eastern District of New York
        147 Pierrepont Street
        Brooklyn, NY 11201
    By:  Martin Edmund Coffey
        Attorney for Government

    MARTIN G. GOLDBERG
        Law Offices
        P O Box 236
        Franklin Square, NY 11010
        Attorney for Defendant

JOHN GLEESON, United States District Court:

        The defendant Faisal Zafar was convicted after a jury trial of conspiracy to commit securities fraud and securities fraud. He was sentenced on September 28, 2007, principally to a 57-month term of imprisonment, and he reported to prison on January 4, 2008. By order dated December 18, 2007, I denied Zafar's application for bail pending appeal because he failed to identify substantive questions of law or fact likely to satisfy any of the 18 U.S.C. § 3143(b) factors. In a letter dated January 4, 2008, Zafar requests reconsideration of that order, contending that he has raised substantial questions of law before the Court of Appeals that are

likely to result in either a reduction of sentence or an order for a new trial.  Specifically, Zafar argues that (1) remand is required as to restitution; (2) the mass marketing enhancement of his advisory Guidelines range was erroneous; (3) so was the loss calculation; and (4) Zafar was not permitted to present a complete defense at trial.

The governing statute provides as follows:  In order to grant a request for bail pending appeal, I must find (1) by clear and convincing evidence that Zafar is "not likely to flee or pose a danger . . . if released" and (2) that "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal; (ii) an order for a new trial; (iii) a sentence that does not include a term of imprisonment; or (iv) a reduced sentence . . . ."  18 U.S.C. § 3143(b).

Assuming *arguendo* that Zafar is not likely to flee or pose a danger if released, and that his appeal is not for purposes of delay, Zafar still fails to meet the standard for obtaining release pending appeal.  He has not raised substantial questions of law or fact likely to produce any of the results set forth in the statute.

Zafar's first contention -- that remand is required as to restitution -- is irrelevant, for the restitution calculation does not affect the jail term imposed.  Second, Zafar argues that he should not have received the two-level mass marketing enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(ii).  I disagree with Zafar's argument that fraudulent internet postings designed specifically to induce mass purchases of particular stocks are not captured by the adjustment. But even if Zafar were to prevail on his argument, and even if I were to impose a sentence at the *bottom* of the resulting range[1], Zafar would still face a 37-month sentence, much longer than it would take for the appellate court to issue a decision.  As for Zafar's third claim -- that remand is required as to loss calculation -- I have examined Zafar's argument and find it to be without

---

[1] I sentenced Zafar at the top of his advisory range.

merit.  The Guidelines require only a "reasonable estimate of the loss," §2B1.1, cmt. n.3(c), and Zafar's arguments do not persuade me that the methodology used at his sentencing was unreasonable or unfair.  In any event, there is no reasonable loss quantity that would result in a sentence reduction such that Zafar's prison term, of which he has served 7 days, would end before the appellate process is complete.

Finally, Zafar argues that he was not permitted to present a complete defense because I precluded Patrick O'Leary from testifying about the possibility that others had used Zafar's wireless internet access to post the fraudulent chat room messages.  The proposed testimony was that O'Leary "had gone to appellant's residence and was able to get on his network from the nearby bank parking lot and from other locations." Def.'s Mot. for Recons. 15.  However, the proposed testimony related to the strength of the wireless signal at the time of *trial*, not at the time of the offense.  And, defendant's counsel, Martin Goldberg, agreed that it was irrelevant whether someone could access the wireless signal in Zafar's residence from the parking lot at the time of trial in the absence of evidence that the same or similar equipment was in use at the time of the offense.  Goldberg said that precluding this aspect of O'Leary's testimony "ma[de] a lot of sense," Trial Tr. 787, and he subsequently "withdr[ew] that part" of the request.  *Id.*

Zafar also argues that O'Leary was improperly precluded from testifying about how Zafar's stock picking software worked.  Again, Zafar wanted to show how the software would work to recommend stocks at the time of trial.  The relevant issue was whether the software, if used at the time of the offense, would lead the user to purchase the stocks at issue in this case, and trial counsel agreed there was no way O'Leary's testimony could have shown that.  The jury already knew Zafar had the software.  I concluded that O'Leary's testimony would have

been an impermissible substitute for evidence that the trading activity at issue in the case was the consequence of the use of this software.

In sum, I am not persuaded by Zafar's arguments. Accordingly, I deny his request for bail pending appeal.

So ordered.

John Gleeson, U.S.D.J.

Dated: January 11, 2008
      Brooklyn, New York